UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORACE PARKER,<br><br>             Plaintiff,<br><br>     v.<br><br>CHASE BANK USA, NATIONAL ASSOCIATION and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>             Defendants. | Case No. 1:20-cv-2655-JGK |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff Horace Parker ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian") and JPMorgan Chase Bank, N.A., incorrectly named as Chase Bank USA, N.A. ("JPMorgan Chase") (collectively, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, and/or personal income, credit and other confidential information of Plaintiff; and

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.     This Stipulated Protective Order ("Protective Order") shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this

action which are designated to be subject to this Protective Order in accordance with the terms hereof.

2. Any Party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Protective Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. Within ten (10) business days following receipt of the transcript by the party deposed or its/his counsel, such party shall designate in writing for the adversary those portions of the transcript which shall be designated Confidential Information or Attorney's Eyes Only. Any party may also designate the testimony of its own witness during a deposition as Confidential Information or Attorney's Eyes Only by so indicating on the record at the deposition. The court reporter shall mark the face of the affected pages of the transcript accordingly.

5. In the course of a deposition at which persons are present to whom Confidential Information may not be disclosed (see Paragraphs 8 and 9 below), the party or its/his counsel shall state on the record prior to using any Confidential Information that the information about to be used is confidential, so as to give the producing party the opportunity to object to the use of

such Confidential Information in the presence of such persons or to assert any other rights or objections with respect thereto.

6. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any Party filing any document under seal must also comply with Judge Koeltl' s Individual Motion Practice and Rules for filing under seal.

7. All documents, transcripts, or other materials subject to this Protective Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only") hereunder, shall not be used, directly or indirectly, by any person**,** including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Protective Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Protective Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this

Protective Order and may not be disclosed to any person other than: (a) the Court and Court personnel; (b) Parties to this litigation; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A) and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

9.  Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Protective Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) a Party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and Court personnel; (d) court reporters, their staffs, and professional

vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

10. Documents produced pursuant to this Protective Order shall not be made available to any person designated in Subparagraph 8(g) or 9(b) unless he or she shall have first read this Protective Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

11. All persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 8 and Paragraph 9 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

12. In the event that any person having possession, custody or control of any Confidential Information receives any subpoena, process or order ("Process") to produce such information, from any person who is not a party, such person shall (1) notify telephonically and by mail counsel of record for the Parties, (2) furnish a copy of said Process to counsel of record for the Parties, and (3) cooperate, in good faith, with respect to all reasonable procedures sought to be pursued by Plaintiff and/or Defendants with respect to the Process. Said notice shall be given as soon as practicable to permit action by any affected party, but in no event later than

seven (7) days of the receipt of the Process. The person receiving the Process shall be entitled to comply with it except to the extent an order is entered modifying or quashing the Process. The person responding to the Process shall not be subject to sanctions for violating this Stipulation and Order if that person is ordered by a Court to respond to said Process or none of the parties hereto moves to quash or modify said process prior to the date that a response to said Process is due.

13. If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential Information without designating that document as Confidential, the party or witness shall preserve the Confidential designation by informing the party or parties to whom he, she or it has produced such document of the identification or number(s) of the document they desire to designate as Confidential. Such document shall be treated as Confidential Information pursuant to this Stipulation from and after the date the receiving party or parties receive such designation.

14. Nothing in this Protective Order shall prevent a Party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

15. This Protective Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

16. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Protective Order,

including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

17. In the event that any Party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

18. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Protective Order.

19. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

20. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time.

| | | |
|---|---|---|
| Dated: | June 25, 2020 | Respectfully submitted, |

                                                /s/ *Juliana S. Clay*
                                                Juliana S. Clay
                                                JONES DAY
                                                250 Vesey Street
                                                New York, NY 10281-1047
                                                Telephone: 212-326-7881
                                                Email: jclay@jonesday.com

                                                *Attorney for Defendant*
                                                *Experian Information Solutions, Inc.*

| | | |
|---|---|---|
| Dated: | June 25, 2020 | Respectfully submitted, |

                                                /s/ Christopher B. Turcotte
                                                Christopher B. Turcotte
                                                THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
                                                575 Madison Avenue, Suite 1006
                                                New York, NY 10022
                                                Telephone: (212) 937-8499
                                                cturcotte@cbtlaw.com

                                                *Attorney for Defendant*
                                                *JPMorgan Chase Bank, N.A.*

| | | |
|---|---|---|
| Dated: | June 25, 2020 | Respectfully submitted, |

                                                /s/ Kenny G. Oh
                                                Kenny G. Oh
                                                LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC
                                                30 Wall Street, 8th Floor #741
                                                New York, NY 10005
                                                Telephone: (866) 249-1137
                                                kenny.o@gitmeidlaw.com

                                                *Attorney for Plaintiff*
                                                *Horace Parker*

IT IS SO ORDERED.

| | | |
|---|---|---|
| Dated: | June 26 2020 | /s/ John G. Koeltl |
| | | Honorable John G. Koeltl, U.S.D.J. |

8

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action.

2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON